IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, | |
| v. | CRIMINAL NO. 17-550 (PG) |
| **ANDRES GONZALEZ-FERNANDEZ**, Defendant. | |

## UNITED STATES' SENTENCING MEMORANDUM

COMES NOW, the United States of America, by and through the undersigned attorneys, and very respectfully states and prays that the Court impose a sentence of 18 months of imprisonment as to Count One and Three, and 34 months of imprisonment as to Count Two to be served concurrently with each other.

## FACTUAL AND PROCEDURAL BACKGROUND

1. On March 16, 2018, pursuant to a plea agreement, Defendant pled guilty to all counts in the Indictment. Under the terms of the Plea Agreement, as to Count One and Three, the parties agreed to request the Court to impose a sentence at the higher end of the guideline range applicable to a total adjusted offense level of 13 when combined with the criminal history category determined by the Court. With respect to Count Two, the parties agreed to request the Court to impose a sentence of 34 months of imprisonment if Defendant's criminal history category was I or II, or the lower end of the applicable guideline range if the criminal history category was III or higher, at a total adjusted offense level of 19. (Document No. 26). The sentencing hearing is set for September 10, 2018. (Docket No. 33 and 37).

**DISCUSSION**

2.  After <u>United States v. Booker</u>, 543 U.S. 220 (2005), sentencing involves a three-step process. <u>United States v. Davila-Gonzalez</u>, 595 F.3d 42, 46 (1st Cir. 2010). First, the Court must continue to calculate a defendant's Guidelines sentence precisely as they would have before <u>Booker</u>. <u>Id.</u> Second, the Court must formally rule on any departure request by any of the parties. <u>Id.</u> Finally, the Court is required to consider the factors delineated in 18 U.S.C. § 3553(a) as well as any other relevant considerations and determine what sentence, whether within, above, or below the guideline sentencing range, appears appropriate. <u>Id.</u>

3.  Under 18 U.S.C. § 3553(a), sentencing courts must "impose a sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing. The relevant factors a sentencing court should consider in determining an appropriate sentence are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established by the sentencing guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. <u>See</u> 18 U.S.C. § 3553(a)(1)-(7).

4.  Pursuant to the Plea Agreement, as to Counts One and Three, the starting base offense level is 12 but four levels are added under U.S.S.G. § 2K2.1(b)(5) as an enhancement because the offense involved the trafficking firearms. However, three levels are subtracted for Defendant's acceptance of responsibility. Thus, the adjusted offense level is 13. With respect to Count Two,

the starting base offense level is 18 but four levels are added under U.S.S.G. § 2K2.1(b)(5) as an enhancement because the offense involved the trafficking firearms and three levels are subtracted for Defendant's acceptance of responsibility. As a result, the adjusted offense level is 19. The United States Probation Office (USPO) has calculated Defendant's criminal history category as I, which the government does not contests. Thus, the applicable sentencing guideline range for Counts One and Three is between 12-18 months of imprisonment and for Count Two is 30-37 months of imprisonment. However, the parties agreed to recommend a sentence of 18 months of imprisonment as to Counts One and Three, and 34 months of imprisonment as to Count Two.

5. The USPO calculated that the three counts are grouped for guideline calculations in the pre-sentence investigation report and stated that the starting base offense is 20 because Defendant was a drug user (prohibited person) at the time he committed the instant offense. The USPO calculated that a four-level enhancement is applicable under U.S.S.G. § 2K2.1(b)(5) because the offense involved the trafficking firearms and three levels must be subtracted for Defendant's acceptance of responsibility. Thus, the USPO's calculation of the total offense level is 21. The USPO calculated an applicable guideline range between 37-46 months of imprisonment.

6. Despite the USPO's base offense level calculations in the PSR, the United States hereby stands by the recommendation agreed upon in the Plea Agreement and requests that Defendant be sentenced to 18 months of imprisonment as to Count One and Three, and 34 months of imprisonment as to Count Two, for a **total sentence of 34 months of imprisonment**.

7. The parties' guidelines calculation reflects the: seriousness of the offense, the history and characteristics of the defendant, and the need to protect the public from further crimes of the Defendant. Moreover, an imposition of the parties' agreed upon guideline sentence best serves the need to avoid unwarranted sentencing disparities. See United States v. Vixamar, 679 F.3d 22, 32-33 (1st Cir. 2012) (holding that "[b]ecause judges typically impose within-Guidelines sentences,[],

a judge who does not risks creating 'unwarranted' sentencing disparities, in violation of 18 U.S.C. § 3553(a)(6)").

WHEREFORE, the United States requests that the Court impose a total sentence of **34 months of imprisonment**..

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 29th day of August, 2018.

**ROSA EMILIA RODRIGUEZ VELEZ**
United States Attorney

*s/Marie Christine Amy*
Marie Christine Amy
Assistant U.S. Attorney
Torre Chardon, Suite 1201
350 Carlos Chardon St.
San Juan, P.R. 00918
Tel. (787) 766-5656
e-mail: marie.c.amy@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

s/Marie Christine Amy
Marie Christine Amy